EDWARD JOSEPH GLINSKE, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28456. Promulgated September 28, 1951.

*Edward Joseph Glinske, Jr.*, pro se.
*Jules I. Whitman, Esq.*, for the respondent.

## OPINION.

Rice, *Judge:* The question presented requires an interpretation of section 165 (b), Internal Revenue Code,[1] and an application of the law to facts that are not in dispute. Petitioner contends that Congress, in writing section 165 (b), "intended the forepart thereof to cover the case of a distributee still joined with the service and the latter part thereof to cover the case of a distributee separated from the service (whether through discontinued plan or resignation or discharge the circumstances are entirely alike) and to preclude treatment of any proceeds whatsoever as gross income, since * * *." He argues that the forepart of section 165 (b) states that the amount distributed shall be taxed as if it were an annuity, which is not includible in gross income under section 22 (b), I. R. C., and that the latter part of section 165 (b) states that the amount distributed shall be considered a

---

[1] Sec. 165.—EMPLOYEES' TRUSTS.

    \*       \*       \*       \*       \*       \*       \*

    (b) Taxability of Beneficiary.—The amount actually distributed or made available to any distributee by any such trust shall be taxable to him, in the year in which so distributed or made available, under section 22 (b) (2) as if it were an annuity the consideration for which is the amount contributed by the employee, except that if the total distributions payable with respect to any employee are paid to the distributee within one taxable year of the distributee on account of the employee's separation from the service, the amount of such distribution to the extent exceeding the amounts contributed by the employee, shall be considered a gain from the sale or exchange of a capital asset held for more than 6 months.

gain from the sale or exchange of a capital asset held for more than 6 months.

Petitioner's arguments are based upon a misconception of the statute. The first portion of section 165 (b) relates to recurrent distributions from an employees' pension trust fund, and it provides that such distributions shall be taxable to the distributee in the year distributed or made available to him. It also provides the manner in which such distributions shall be taxed to the distributee, namely, under section 22 (b) (2) (B).[2] Here it is undisputed that petitioner contributed no amount to the pension trust fund, therefore, any distribution received by him from the pension trust fund represented no recovery of any capital invested therein. Under section 22 (b) (2) (B) and the first portion of section 165 (b), petitioner would have to include in his gross income the entire amount of any recurring distributions from the pension trust fund.

The second portion of section 165 (b) deals with the exceptional or unusual distributions from an employees' pension trust fund. It involves a situation where the total distributions are made from the trust fund to a distributee within one taxable year on account of the employee's separation from the service. Total distributions "on account of the employee's separation from the service" means that the distributions were made on account of the employee's separation from the service of *his employer*. Respondent's regulations show that this is his interpretation of the statute for he refers therein to total distributions to an employee in the year in which he retires or severs his connection with his employer, or to his widow if he dies during the course of his employment. Regulations 111, section 29.165–6.

Our findings show that the Corporation exercised its right to discontinue its pension trust plan as it had the right to do under article twentieth (b) of its pension trust agreement. Pursuant to the provisions of that article, the trustee was required to transfer to the employees entitled thereto the several retirement income contracts,

---

[2] Sec. 22.—GROSS INCOME.

\* \* \* \* \* \* \*

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter :

\* \* \* \* \* \* \*

(2) ANNUITIES, ETC.—

\* \* \* \* \* \* \*

(B) Employees' Annuities.—If an annuity contract is purchased by an employer for an employee under a plan with respect to which the employer's contribution is deductible under section 23 (p) (1) (B), or if an annuity contract is purchased for an employee by an employer exempt under section 101 (6), the employee shall include in his income the amounts received under such contract for the year received except that if the employee paid any of the consideration for the annuity, the annuity shall be included in his income as provided in subparagraph (A) of this paragraph, the consideration for such annuity being considered the amount contributed by the employee. \* \* \*

annuities or policies and/or the proceeds thereof, respectively. Petitioner, as one of the parties entitled thereto, elected to take the proceeds by surrendering his annuity contracts under the pension trust for cash. He received the major portion of his total distributions from the pension trust in 1946, and since he contributed nothing toward the purchase of the annuity contracts the entire distribution constituted ordinary income to him.

*Decision will be entered for the respondent.*