ESTATE OF FRANK B. FRY, DECEASED, FREDERICK E. FRY, ADMINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33809.    Promulgated December 12, 1952.

*Francis X. McCormick, Esq.,* for the petitioner.
*John E. Mahoney, Esq.,* for the respondent.

OPINION.

HILL, *Judge:* Section 165 (b) of the Internal Revenue Code provides that an amount distributed or made available by employees' trust to an employee shall be taxable as though it were an annuity, the consideration for which is the amount contributed by the employee. We have found as a fact that the decedent, Frank B. Fry, never made any contribution to the pension trust involved here, so that the tax would apply to the whole sum of $65,481.50 distributed to him in the taxable year 1947. However, section 165 (b) provides further that if the total distribution payable to the employee is paid within one taxable year of the distributee on account of the employee's separation from service, then the amount of distribution to the extent that it exceeds any contribution by the employee shall be considered as a gain from the sale or exchange of a capital asset held for more than 6 months and accordingly taxable at capital gain rates.

The facts before us present a question of initial impression. We are called upon to apply the language "on account of the employee's separation from the service" as used in section 165 (b) of the Code.[1]

Petitioner here contends that the decedent was actually retired from the service of the H. A. Wilson Company in December 1947 and hence properly reported the lump sum settlement of his rights under the pension trust of the H. A. Wilson Company at capital gains rates. We can not agree with the petitioner. We have found as a fact that the decedent spent several years training new employees in the line of work which he had been doing for the H. A. Wilson

---

[1] SEC. 165. EMPLOYEES' TRUSTS.

\* \* \* \* \* \* \*

(b) TAXABILITY OF BENEFICIARY.—The amount actually distributed or made available to any distributee by any such trust shall be taxable to him, in the year in which so distributed or made available, under section 22 (b) (2) as if it were an annuity the consideration for which is the amount contributed by the employee, except that if the total distributions payable with respect to any employee are paid to the distributee within one taxable year of the distributee *on account of the employee's separation from the service,* the amount of such distribution to the extent exceeding the amounts contributed by the employee shall be considered a gain from the sale or exchange of a capital asset held for more than 6 months. \* \* \* [Emphasis added.]

Company and that after December 1947 the decedent spent less and less of his time in the performance of his duties for that company. During the same period the decedent spent greater periods of time in Florida and in Canada in the pursuit of his hobbies of hunting and fishing. However, any probative value of these facts has been weakened, if not displaced altogether, by the fact that the decedent continued to draw his regular salary of $36,500 per year from the H. A. Wilson Company up to the time of his death. The petitioner's sole witness, who served as attorney to the decedent and whose only connection with the H. A. Wilson Company was as counselor to the committee who administered its pension trust, when asked to explain the continued receipt by the decedent of his regular salary, replied: "A mistake, I imagine."

In searching the meaning of the clause in question, the report of the Senate Finance Committee, dealing with the section of the Code in question, is informative. See Senate Finance Committee Report No. 1631, 77th Cong., 2d Sess., wherein it was stated at section 164 as follows:

The provisions of the House bill with respect to section 165 (b), concerning the taxation of the beneficiary of a trust which meets the requirements of section 165 (a), have not been changed except to take care of the situation where an employee receives the total distributions that he is entitled to under the plan in 1 taxable year *on account of his separation from the service.* In such a case, it is provided that the amount of such distributions to the extent that it exceeds the amounts contributed by the employee shall be considered a gain from the sale or exchange of a capital asset held for more than 6 months. For example, if under a profit-sharing trust, the total distributions to which an employee is entitled are paid to the employee in the year in which *he retires or severs his connection with his employer,* or to his widow if he dies during the course of his employment, the amount received by the employee or widow to the extent it exceeds the employee's contributions will be considered a gain from the sale or exchange of a capital asset held for more than 6 months. [Emphasis added.]

The continued unexplained receipt by the decedent of his regular salary of $36,500 per year can lead us to no other conclusion than the decedent had not severed his connection with his employer, the H. A. Wilson Company. In order to obtain the benefits permitted under section 165 (b) of the Internal Revenue Code, the decedent must have been retired or severed his connection with his employer within the year in which he received the lump sum settlement of his rights under the pension fund. Such is not here the case. We, therefore. must hold for the respondent.

Reviewed by the Court.

*Decision will be entered for the respondent.*