LESTER B. MARTIN AND RUTH W. MARTIN, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52953. Filed April 17, 1956.

*Fred L. Rosenbloom, Esq.*, and *Thomas P. Glassmoyer, Esq.*, for the petitioners.

*Henry L. Glenn, Esq.*, for the respondent.

104

**OPINION.**

JOHNSON, *Judge:* The disagreement under the issue is whether the distribution was made "on account of the employee's separation from

the service" within the meaning of section 165 (b), Internal Revenue Code of 1939.[1]

Petitioner was a participating member of a tax-exempt pension plan of Dellinger. All of the corporation's assets were transferred to Sperry, its sole stockholder, on April 1, 1949, in liquidation proceedings and the transferor was, in due course, dissolved. On that date all of the employees of Dellinger became employees of Sperry, and it carried on the business previously conducted by Dellinger.

The trust agreement and concomitant formula of benefits contain provisions for payment of benefits to qualified employees upon the termination of their service with Dellinger and the termination of the plan because of dissolution of the corporation. Section 3 (a) of article IV of the trust agreement provides that in the event an employee terminates service with the corporation prior to retirement date he shall be entitled to receive, in the discretion of the pension board, retirement payments based upon age, or payment in a lump sum, or by installments of the amount provided for in the formula of benefits. Section 2 of article VII of the trust agreement, under which the pension board acted, provides that upon dissolution the net amount in the general fund shall be allocated pro rata to the accounts of the participating employees and held until the commencement of the retirement period of each employee, or the total corpus distributed to employees in a lump sum or by installments, as the pension board shall determine.

Section 7 of article II of the formula of benefits provides that if the pension plan is continued on dissolution by exercise of an option granted the pension board, the fund shall be held for payment when the employee reaches retirement age as an annuity or in a lump sum.

Section 2 of article II of the formula of benefits provides that when an employee discontinues employment with the employer prior to pension age for any cause except for specified reasons not applicable here, he shall be entitled to receive in a lump sum or in installments over a period of years a specified percentage of his accumulated credits ranging from 10 per cent for 4 years of service to 100 per cent for 10 or more years of service, or a pension in the discretion of the pension board. Petitioner had had more than 10 years of service at

---

[1] SEC. 165. Employees' Trusts.

(b) TAXABILITY OF BENEFICIARY.—The amount actually distributed or made available to any distributee by any such trust shall be taxable to him, in the year in which so distributed or made available, under section 22 (b) (2) as if it were an annuity the consideration for which is the amount contributed by the employee, except that if the total distributions payable with respect to any employee are paid to the distributee within one taxable year of the distributee on account of the employee's separation from the service, the amount of such distribution to the extent exceeding the amounts contributed by the employee, shall be considered a gain from the sale or exchange of a capital asset held for more than 6 months. * * *

the time of liquidation of Dellinger and therefore had a right to receive the maximum allowances.

It thus appears that petitioner was entitled to receive the same benefits whether his employment was terminated or the pension plan was discontinued. Only the method of payment remained for determination and that was within the discretion of the pension board. Respondent argues that the term "service" in the statute should be construed to mean separation from the business or enterprise in which the employees were engaged when they became participants of a pension plan. We have held to the contrary. In *Edward Joseph Glinske, Jr.*, 17 T. C. 562, we held that the phrase "on account of the employee's separation from the service" means his separation from the service of his employer. That interpretation of the statute was followed in *Mary Miller*, 22 T. C. 293, affd. 226 F. 2d 618.

In *Mary Miller*, *supra*, the taxpayer's employer transferred its assets and business to another corporation in a reorganization and was dissolved a few days later. After the transfer the former business of the transferor was operated by the transferee under the same name and the taxpayer had the same job with it. We held from those facts that there had been a "separation from the service" of the transferor-employer when the taxpayer became an employee of the transferee. Here, liquidation of Dellinger on April 1, 1949, terminated petitioner's employment by it. Thereafter he was in the employment of Sperry, a different employer.

Respondent nevertheless argues that if there was a separation from the service within the meaning of the statute, as we have held, the distribution was not made "on account" of that separation but because of the dissolution of Dellinger and termination of the plan.

The liquidation of Dellinger on April 1, 1949, resulted in a mass termination of the services of its employees. At that time petitioner's rights under the plan [2] were fixed subject only to the discretionary power of the pension board to determine the method and time of payment. The decision of the pension board to discontinue the plan and distribute the trust corpus to participating employees in lump-sum payments was made after such rights matured. Dissolution of Dellinger did not occur until after that date. Here, as in *Mary Miller*, *supra*, the petitioner's rights arose on account of his separation from the service of his employer. Payment under his rights was made only in the course of termination of the fund.

We fail to find any material difference between the facts here and in *Mary Miller*, *supra*. Accordingly, following that case, we find that the distribution is taxable as long-term capital gain.

*Decision will be entered for the petitioner.*

---

[2] The fact that some of the other employees might have had less beneficial rights at that time is immaterial in deciding the issue here.