JANET H. GORDON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51101.    Filed June 29, 1956.

*Janet H. Gordon, pro se.*
*James E. Markham, Jr., Esq.,* for the respondent.

OPINION.

Kern, *Judge:* The Commissioner determined a deficiency in petitioner's income tax for the calendar year 1950 in the amount of $3,468.34. The issue for decision is whether the amount of $27,638.42, received by the petitioner as the designated beneficiary of her deceased father under the rules and procedure of the New York State Employees' Retirement System and representing the excess of the total amount received over the decedent's unrecovered cost, is taxable as ordinary income rather than as long-term capital gains under the provisions of section 165 (b) of the Internal Revenue Code of 1939.[1]

The stipulation of facts executed and filed by the parties is incorporated herein by this reference.

The petitioner is an individual taxpayer residing in Norwich, New York. Her amended return for the period here involved was filed with the then collector of internal revenue for the twenty-first district of New York in Syracuse, New York.

On June 26, 1950, the petitioner received as the designated beneficiary of her father an amount of $36,608.83, representing the balance remaining in the account of her father with the New York State Employees' Retirement System. Petitioner's father, Judge James P. Hill, who died June 9, 1950, had elected when he retired on January 1, 1949, to take his retirement benefits under "option one-half" of the retirement system, which option provided that if he died before receiving annuity payments equal to the value of the annuity at the time of his retirement the balance of his annuity was to be paid to his estate or designated beneficiary. Of the amount of $36,608.83 received by the petitioner, an amount of $8,970.41 was tax exempt as it represented decedent's unrecovered cost. The taxable amount received by the petitioner was $27,638.42.

The Commissioner contends that the plain language of section 165 (b) calls for the treatment of the amount received by the petitioner as the designated beneficiary of her deceased father as ordinary income, because the payment was not made as the result of a separation from the service of the decedent's employer in 1949, but instead was made on account of the death of her father in 1950. See *Estate of Frank B. Fry*, 19 T. C. 461, affd. 205 F. 2d 517; *Edward Joseph Glinske, Jr.*, 17 T. C. 562.

---

[1] (b) Taxability of Beneficiary.—The amount actually distributed or made available to any distributee by any such trust shall be taxable to him, in the year in which so distributed or made available, under section 22 (b) (2) as if it were an annuity the consideration for which is the amount contributed by the employee, except that if the total distributions payable with respect to any employee are paid to the distributee within one taxable year of the distributee on account of the employee's separation from the service, the amount of such distribution to the extent exceeding the amounts contributed by the employee, shall be considered a gain from the sale or exchange of a capital asset held for more than 6 months. * * *

The petitioner argues that under section 165 (b) there is no distinction between payments made on account of separation from the service and payments made on account of the death of an employee following his separation from the service of his employer. The taxpayer's argument is based on the corresponding provision in the Internal Revenue Code of 1954, section 402, which allows capital gains treatment to total distributions "payable to a distributee on account of the employee's death or other separation from the service, or on account of his death after separation from the service."

However, section 402 of the 1954 Code did not clarify but extended the scope of section 165 (b). This is clear from the Report of the Committee on Ways and Means of the United States House of Representatives, H. Rept. No. 1337, 83d Cong., 2d Sess., which, in regard to sections 401 and 402 of the Internal Revenue Code of 1954, reads in part as follows (p. 43) :

Under present law, lump-sums distributions paid under qualified trusteed plans because of separation from service are treated as long-term capital gains. However, similar distributions from insured plans are taxed as ordinary income. Moreover, regardless of the type of plan, lump-sum distributions to beneficiaries of covered individuals who die after terminating their employment are not entitled to capital gains treatment. This has resulted in considerable inequities and hardship. To grant equal tax treatment, your committee's bill provides long-term capital gains treatment for lump-sum distributions from both trusteed and insured plans if they are qualified, which are made either because of separation from service or because of the death of the covered individual after retirement.

In her brief, the petitioner for the first time raised two additional issues, one that this distribution to her was taxable as income to her father's estate and not to her, and the other that the New York State Retirement System had not been shown to be a qualified trust under section 165 (a) of the 1939 Code. We do not consider these issues as neither was properly pleaded so as to place the issue before us. *Jean Conrad*, 27 B. T. A. 741.

*Decision will be entered for the respondent.*