**Philip J. McGOWAN and Lorraine McGOWAN, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 58-C-78.

United States District Court
E. D. Wisconsin.

July 30, 1959.

Philip Padden, Milwaukee, Wis., for plaintiffs.

Richard T. Mulcahey, Tax Dept., Washington, D. C., Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

This action was brought by the plaintiffs' Philip J. McGowan and Lorraine McGowan, pursuant to Title 28 U S.C. §

1346, to recover an alleged overpayment of income taxes for the calendar year 1956.

During the year 1956 and prior thereto, plaintiff, Philip J. McGowan was employed by the Universal-Rundle Corporation, herein referred to as Universal. Until approximately April 3, 1956, Universal was a wholly owned subsidiary of Sears, Roebuck and Co., herein referred to as Sears. As an employee of a wholly owned subsidiary of Sears, Mr. McGowan qualified for membership in and was a member of the Sears Savings and Profit Sharing Pension Fund.

On or about April 6, 1956, Sears transferred some, but less than 50%, of its stock in Universal to certain key officials of the latter company, with the result that Universal ceased to be a wholly owned subsidiary of Sears. As a result of this stock transfer, Mr. McGowan, although he has continued in the employ of Universal to the present time, ceased to be eligible for participation in the Sears Savings and Profit Sharing Pension Fund.

Mr. McGowan elected to withdraw the entire amount of his share in the pension fund, which amounted to $5592.59, rather than transfer that amount to the Universal-Rundle Corporation Retirement Trust, and his entire share was paid to him in 1956.

On January 16, 1957, the plaintiffs filed a joint individual income tax return for the calendar year 1956, including as ordinary income the sum of $5592.59 received by Philip J. McGowan during that year as full distribution of his interest in the Savings and Profit Sharing Pension Fund of Sears. Their claim for refund, timely filed, has been disallowed.

The plaintiffs contend that the amount distributed to Philip J. McGowan out of the Pension Fund was erroneously included by them in the 1956 income tax return as ordinary income when it should have been accorded capital gains treatment under Section 402 of the Internal Revenue Code of 1954, 26 U.S.C. § 402.[1]

The sole question before the court is whether the total distribution to Mr. McGowan in 1956 of his share of the pen-

1. The portions of Section 402 relevant here are as follows:

"§ 402. Taxability of beneficiary of employees' trust.

"(a) *Taxability of beneficiary of exempt trust.*—

"(1) *General rule.*—Except as provided in paragraph (2), the amount actually distributed or made available to any distributee by any employees' trust described in section 401(a) which is exempt from tax under section 501(a) shall be taxable to him, in the year in which so distributed or made available, under section 72 (relating to annuities) except that section 72(e) (3) shall not apply. The amount actually distributed or made available to any distributee shall not include net unrealized appreciation in securities of the employer corporation attributable to the amount contributed by the employee. Such net unrealized appreciation and the resulting adjustments to basis of such securities shall be determined in accordance with regulations prescribed by the Secretary or his delegate.

"(2) *Capital gains treatment for certain distributions.*—In the case of an employees' trust described in section 401 (a), which is exempt from tax under sec-

tion 501(a), if the total distributions payable with respect to any employee are paid to the distributee within 1 taxable year of the distributee on account of the employee's death or other separation from the service, or on account of the death of the employee after his separation from the service, the amount of such distribution, to the extent exceeding the amounts contributed by the employee (determined by applying section 72(f) ), which employee contributions shall be reduced by any amounts theretofore distributed to him which were not includible in gross income, shall be considered a gain from the sale or exchange of a capital asset held for more than 6 months. Where such total distributions include securities of the employer corporation, there shall be excluded from such excess the net unrealized appreciation attributable to that part of the total distributions which consists of the securities of the employer corporation so distributed. The amount of such net unrealized appreciation and the resulting adjustments to basis of the securities of the employer corporation so distributed shall be determined in accordance with regulations prescribed by the Secretary or his delegate."

sion fund was paid "on account of" his "separation from the service" of his employer within the meaning of Section 402 (a) (2), all other requirements for capital gains treatment under that section being present.

Although the Tax Court of the United States has on several occasions been called upon to interpret the phrase "separation from the service" as used in Section 402 and its predecessor in the 1939 Code, Section 165(b), 26 U.S.C. § 165(b), we have been referred to no case involving the same fact situation as that presently before this court.

In support of their contention that a separation from the service occurred when a transfer of Universal stock by Sears disqualified employees of Universal from membership in the pension fund, the plaintiffs rely heavily on the cases of Miller v. Commissioner, 1954, 22 T.C. 293, affirmed, 6 Cir., 1955, 226 F.2d 618, and Martin v. Commissioner, 1956, 26 T.C. 100. Unfortunately for plaintiffs, however, the events giving rise to their claim in no perceptible degree approximate the substantial corporate changes and transactions that led the courts in Miller and Martin to conclude that there was a "separation from the service" of the taxpayer's employer within the meaning of the pertinent statute. In the Miller case, the pension fund was discontinued when the assets of the corporation which instituted the fund were transferred to another company and the former corporation was dissolved, and in the Martin case, the fund was discontinued when all of the corporate stock of the corporation which instituted the fund was purchased by another company and the former corporation was dissolved. In both cases the taxpayers were employed by different employers immediately after the transfer of corporate assets or stock. This case must also be distinguished from the recent case of Judkins v. Commissioner, 1959, 31 T.C. 1022, in which the fund was terminated when over 99% of the stock of the corporation which instituted the fund was purchased by another company and in which the taxpayer was discharged before the formalities of terminating the fund had been completed. In the Judkins case, unlike the Miller and Martin cases, the corporation which instituted the fund was not dissolved when the change in control which resulted in termination of the pension plan occurred but there was "a bona fide transfer of ownership and control of the business for cash as a result of which there was a termination of this plan."

In the instant case, Universal existed as a corporate entity, and was the employer of the plaintiff, Philip J. McGowan, before and after the pension plan was terminated. Although Universal ceased to be a wholly owned subsidiary of Sears, no change in the control of Universal resulted from the stock transfer occurring on or about April 3, 1956, since Sears retained over 50% of its stock.

The phrase "separation from the service" has been interpreted in Glinske v. Commissioner, 1951, 17 T.C. 562, to mean "separation from the service of his employer." We find in the present case that no such separation occurred, since Mr. McGowan was employed by the same corporation both before and after the stock transfer which resulted in his ineligibility for membership in the Sears Savings and Profit Sharing Pension Fund, and no change of control has been shown. His interest in the fund was distributed to him not because of his separation from the service of his employer, but because all Universal employees ceased to participate in the fund which was, in effect, discontinued insofar as it affected them.

Since no separation from the service occurred, the plaintiffs do not qualify for capital gains treatment under Section 402(a) (2) of the Internal Revenue Code.

The foregoing opinion shall stand as and for findings of fact and conclusions of law in accordance with the applicable rules.