Philip J. McGOWAN and Lorraine
McGowan, Plaintiffs-
Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 12854.

United States Court of Appeals
Seventh Circuit.

April 26, 1960.

Lawrence J. Binder, Philip L. Padden, Max Raskin, Milwaukee, Wis., for appellants.

Charles K. Rice, Asst. Atty. Gen., Gilbert E. Andrews, Jr., Atty., U. S. Dept. of Justice, Washington, D. C., Edward G. Minor, U. S. Atty., Milwaukee, Wis., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

The plaintiffs are Philip J. McGowan and Lorraine McGowan, his wife, joined as plaintiff only because plaintiffs filed a joint income tax return. Both are hereinafter called the "taxpayer." In an action brought pursuant to 28 U.S.C. § 1346, as amended, and Sec. 7422(a), Internal Revenue Code, 26 U.S.C. § 7422 (a) (1954) the taxpayer seeks to recover $573.08, an alleged overpayment of income tax for the year 1956. The facts are stipulated.

In the return for 1956, taxpayer included as ordinary income, the sum of $5,592.59 received as full distribution of taxpayer's interest in The Savings and Profit Sharing Pension Fund of Sears, Roebuck and Company.

**614**

Prior to April 3, 1956, taxpayer, as an employee of Universal-Rundle Corporation, a wholly owned subsidiary of Sears, was eligible to participate in the aforementioned Fund. When Sears sold a part (less than 50%) of its shares in Universal, although Sears remained the major stockholder of Universal, the latter ceased to be a wholly owned subsidiary, and taxpayer was no longer eligible to participate in the Fund. Taxpayer elected to withdraw his share rather than transfer to the Universal Retirement Trust. The record does not disclose what would have been the tax consequences of transfer to the Universal Trust.

■ The taxpayer argues that the distribution should have been accorded capital gains treatment under Section 402, Internal Revenue Code, 26 U.S.C. § 402 (1954):

"§ 402. Taxability of beneficiary of employees' trust (a) Taxability of beneficiary of exempt trust.—

"(1) General rule.—Except as provided in paragraph (2), the amount actually distributed or made available to any distributee by any employees' trust described in section 401(a) which is exempt from tax under section 501(a) shall be taxable to him, in the year in which so distributed or made available, under section 72 (relating to annuities) except that section 72(e) (3) shall not apply. The amount actually distributed or made available to any distributee shall not include net unrealized appreciation in securities of the employer corporation attributable to the amount contributed by the employee. Such net unrealized appreciation and the resulting adjustments to basis of such securities shall be determined in accordance with regulations prescribed by the Secretary or his delegate.

"(2) Capital gains treatment for certain distributions.—

"In the case of an employees' trust described in section 401(a), which is exempt from tax under section 501(a), if the total distributions payable with respect to any employee are paid to the distributee within 1 taxable year of the distributee on account of the employee's death *or other separation from the service,* or on account of the death of the employee after his separation from the service, the amount of such distribution, to the extent exceeding the amounts contributed by the employee (determined by applying section 72(f)), which employee contributions shall be reduced by any amounts theretofore distributed to him which were not includible in gross income, shall be considered a gain from the sale or exchange of a capital asset held for more than 6 months. Where such total distributions include securities of the employer corporation, there shall be excluded from such excess the net unrealized appreciation attributable to that part of the total distributions which consists of the securities of the employer corporation so distributed. The amount of such net unrealized appreciation and the resulting adjustment to basis of the securities of the employer corporation so distributed shall be determined in accordance with regulations prescribed by the Secretary or his delegate. (Emphasis added.)

All other requirements for capital gains treatment being conceded, it is contended by taxpayer that he received the distribution "on account of * * * separation from the service."

None of the cases cited by the taxpayer presents similar factual situations. In Miller v. Commissioner, 1954, 22 T.C. 293, affirmed 6 Cir., 1955, 226 F.2d 618, The Strouss-Hirshberg Company's pension fund was discontinued when the assets of Strouss were transferred to the May Company and the Strouss corporation was dissolved.

In Martin v. Commissioner, 1956, 26 T.C. 100, the fund of the Dellinger Mfg. Co. was terminated when, after all its

corporate stock was purchased by Sperry Corporation, the Dellinger corporation was dissolved, subsequent to a short period of operation as a subsidiary, during which the fund had continued to function.

In Judkins v. Commissioner, 1959, 31 T.C. 1022 the Waterman Steamship Corporation's fund came to an end when 99% of its stock was purchased by C. Lee Co., Inc., May 5, 1955. There was a bona fide transfer of ownership and control causing termination of the fund as of May 5, 1955, although Judkins had been discharged June 1, 1955, prior to completion of the formalities attendant on such termination.

The learned District Judge, carefully distinguishing these cases, in which separation from the service was held to have occurred, observed that Universal, a corporate entity, employed taxpayer before and after termination of taxpayer's eligibility to participate in Sears' Fund, and was still employing him at the time of this suit. It is contended that taxpayer considered himself to have been an employee of Sears as well as of Universal, and that various communications from his seniors at Universal were consistent with that view. We do not find this argument persuasive. No change in taxpayer's employment occurred. Distribution was made to taxpayer not because of his separation from the service of Sears as its employee, but because Universal's employees ceased to be eligible to participate in the Sears' Fund.

█ "Separation from the service" means separation from the service of an employer. Glinske v. Commissioner, 1951, 17 T.C. 562; Estate of Fry v. Commissioner, 1952, 19 T.C. 461, affirmed 3 Cir., 205 F.2d 517.

We agree with District Judge Tehan * that the distribution did not qualify for capital gains treatment under Section 402.

The judgment of the District Court is affirmed.

* McGowan v. United States, D.C.Wis.1959, 175 F.Supp. 364.