Vester Eugene Murphy and Helen Murphy v. Commissioner. Leland F. Anderson and Bettye J. Anderson v. Commissioner.
Murphy v. Commissioner
Docket Nos. 4138-64, 4905-64.
United States Tax Court
T.C. Memo 1966-261; 1966 Tax Ct. Memo LEXIS 24; 25 T.C.M. (CCH) 1340; T.C.M. (RIA) 66261; November 30, 1966
Vester Eugene Murphy, pro se, 1550 Allen Ave., Glendale, Calif., in docket No. 4138-64. Leland F. Anderson, pro se, 604 N. Frederic St., Burbank, Calif., in docket No. 4905-64. Arthur Generaux, Jr., for the respondent. FORRESTER
Memorandum *25 Findings of Fact and Opinion FORRESTER, Judge: These cases have been consolidated for trial, briefing and opinion. The respondent determined deficiencies in petitioners' income taxes for the year 1961 as follows: Deficiency
Docket No. 4138-64
$983.93
Docket No. 4905-64
667.38
These consolidated cases present the single, common issue as to whether distributions received by Vester Eugene Murphy and by Leland F. Anderson in 1961 from a qualified profit-sharing trust were taxable as long-term capital gain or as ordinary income. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners, Vester Eugene Murphy and Helen Murphy, are husband and wife who filed a joint Federal income tax return for the calendar year 1961 with the district director of internal revenue, Los Angeles, California. Petitioners Leland F. Anderson and Bettye J. Anderson are husband and wife who also filed a joint Federal income tax return for such year with the same district director. Helen Murphy and Bettye J. Anderson are parties only because of the joint returns filed with their husbands, consequently, Vester Eugene Murphy and Leland F. Anderson will hereafter *26 be referred to as Vester, Leland and petitioners. Vester was employed by Admiral Controls, Inc., commencing in 1949 to May 20, 1959, and again from June 10, 1959 to the time of trial, except for one day in July 1963. Leland was employed by the same company commencing in 1950 which employment was still continuing at the time of trial herein. At the time of trial Vester was serving the company in the capacity of vice president and Leland was serving the company as a machinist. During 1955 Admiral Controls, Inc., adopted a profit-sharing plan for the benefit of its employees which qualified under section 401(a) [1] for exemption from tax under section 501(a) of the Internal Revenue Code. Petitioners were eligible to and participated in such profit-sharing plan from its inception and until it was discontinued by the company. Neither petitioner made any contribution to such plan during its existence. Admiral Controls, Inc., voluntarily elected to terminate the above profit-sharing plan and such plan was terminated and the trust thereunder was liquidated on September 15, 1961, at *27 which time Vester received a distribution of $6,505.11 and Leland received a distribution of $5,662.02. Petitioners remained in the service of Admiral Controls, Inc., after the above-described termination, liquidation and distributions and were both so employed at the time of trial herein. Opinion In their income tax returns for the year 1961 petitioners each included the respective distributions above described in taxable income as long-term capital gain. By his respective statutory notices of deficiency the respondent determined that each of the above distributions was ordinary income, taxable in full. The sole question presented herein concerns the proper interpretation to be placed upon the following portion of the language of section 402(a)(2): Capital Gains Treatment for Certain Distributions. - In the case of an employees' trust described in section 401(a), which is exempt from tax under section 501(a), if the total distributions * * * are paid to the distributee * * * on account of the employees' death or other separation from the service, * * * the amount of such distribution * * * shall be considered a gain from the sale or exchange of a capital asset held for more *28 than 6 months. * * * The petitioners argue that in this case there was a "separation from the service" within the meaning of section 402(a)(2), supra, since they were separated from the service of the plan when Admiral Controls, Inc., voluntarily elected to terminate its profit-sharing plan, liquidate the trust and cause them to receive their respective distributions. This identical argument has been presented and decided by us in cases which are indistinguishable on their facts and which are controlling here. [2] Such cases are Edward Joseph Glinske, Jr., 17 T.C. 562; and Clarence F. Buckley, 29 T.C. 455. Also cf. Estate of Edward I. Rieben, 32 T.C. 1205; Harry K. Oliphint, 24 T.C. 744, affirmed per curiam on another issue, 234 F. 2d 699 (C.A. 5); and Estate of Frank B. Fry, 19 T.C. 461, affirmed per curiam, 205 F. 2d 517 (C.A. 3), all of which considered slightly varied aspects of the same problem. *29 Decisions will be entered for the respondent. Footnotes
1. All Code references are to the Internal Revenue Code of 1954 unless otherwise noted.↩
2. The prior cases were decided under sec. 165(b) of the Internal Revenue Code of 1939↩ which is identical to that portion of sec. 402(a) (2), supra, of the Internal Revenue Code of 1954 which is now being considered.