OPINION Section 402(a)[2] provides that amounts actually distributed to a person by an employees’ trust qualified under section 401 (a) as exempt from tax under section 501(a) shall be taxable to him in .the year of distribution under section 72 relating to annuities, except that if the total distributions payable to any employee are paid within 1 year “on account of the employee’s death or other separation from the service,” such distribution shall be considered as long-term capital gain. The record here shows that the total distributions payable to petitioner were paid at one time, on September 22, I960. Petitioner contends that the payment was “on account” of his “other separation from the service” of the company. Petitioner states that on June 1, 1966, he became separated from the company’s service. Petitioner further notes that this separation was because of a strike called by the union in connection with negotiations of a collective-bargaining agreement, which agreement when effected on August 4,1966, resulted in the distribution to him from the trust. Petitioner concludes from these statements that the payment to him from the trust was “on account of” his “separation from the service” of the company. Respondent contends that petitioner’s not working for the company for the approximately 9-week period from June 1, 1966, to August 4, 1966, was not a “separation from the service” of the company by petitioner within the meaning of section 402(a) (2) since during the entire time petitioner was on strike he remained an employee of the company on a “non-pay” status. Respondent contends that the strike was merely a temporary interruption of petitioner’s continuous employment by the company from April 1, 1957, until the date of the trial of this case. Respondent further contends that even if the fact that petitioner, along with other members of the union, stayed away from work at the company’s plant for the 9-week strike period might be considered to be a “separation from the service” of the company by petitioner within the meaning of section 402(a) (2), the distribution to petitioner was not “on account of” this separation 'but rather “on account of” the amendment to the trust made August 23,1966, pursuant to the request of the union during the negotiations of the collectiye-bargaining agreement. We agree with respondent in both his contentions. The phrase “separation from the service” contained in section 402(a) (2) and the comparable section of the Internal Revenue Code of 1939 has been interpreted to mean that the employee dies, retires, or “severs his connection” with his employer. Estate of Frank B. Fry, 19 T.C. 461 (1952), affd. 205 F. 2d 517 (C.A. 3, 1963); Edward Joseph Glinkse, Jr., 17 T.C. 562 (1951); and United States v. Johnson, 331 F. 2d 943 (C.A. 5, 1964). In the instant case petitioner did not “sever his connection” with his employer when he went out on strike. In fact during the strike period the union continued to actively negotiate with his employer on his behalf. Even if petitioner’s remaining away from working for the company during the strike period could be considered as a severance of his connection with his employer, that connection was reestablished on the first working day after August 4,1966, when petitioner returned to work. The trust was not amended to provide for distribution to petitioner until August 23, 1966, and the amendment was not effective until August 31, 1966. 'On both of these dates petitioner was an employee of the company. However, even if we were to consider that petitioner was because of the strike “separated from the service” of the company, the evidence is clear that the payment to him was not on account of that separation but was on account of the agreement between the company and the union providing for employees covered by the collective-bargaining agreement to be terminated from the trust as of August 31, 1966. Therefore, the distribution to petitioner was “on account of” the agreement between the company and the union and not any “separation” of petitioner from the service of the company during the strike period. Whiteman Stewart, 53 T.C. 344 (1969). See also Estate of George E. Russell, 47 T.C. 8 (1966), and E. N. Funkhouser, 44 T.C. 178, 184-185 (1965), affd. 375 F. 2d 1 (C.A. 4, 1967). Decision will be entered for the respondent. SEC. 402. TAXABILITY OF BENEFICIARY OF EMPLOYEES’ TRUST. (a) (Taxability of Beneficiary of Exempt Trust.— (1) General rule. — Except as provided in paragraph (2) and (4), the amount actually distributed or made available to any distributee by an employees’ trust described in section 401(a) which is exempt from tax under section 501(a) shall be taxable to him, in the year in which so distributed or made available, under section 72 (relating to annuities). The amount actually distributed or made available to any distributee shall not include net unrealized appreciation in securities of the employer corporation attributable to the amount contributed by the employee. Such net unrealized appreciation and the resulting adjustments to basis of such securities shall be determined in accordance with regulations prescribed by the Secretary or his delegate. (2) Capital gains treatment for certain distributions. — In the case of an employees’ trust described in section 401(a), which is exempt from tax under section 501(a), if the total distributions payable with respect to any employee are paid to the distributee within 1 taxable year of the distributee on account of the employee’s death or other separation from the service, or on account of the death of the employee after his separation from the service, the amount of such distribution, to the extent exceeding the amounts contributed by the employee (determined by applying section 72(f)), which employee contributions shall be reduced by any amounts theretofore distributed to him which were not includible in gross income, shall be considered a gain from the sale or exchange of a capital asset held for more than 6 months. Where such total distributions Include securities of the employer corporation, there shall be excluded from such excess the net unrealized appreciation attributable to that part of the total distributions which consists of the securities of the employer corporation so distributed. The amount of such net unrealized appreciation and the resulting adjustments to basis of the securities of the employer corporation so distributed shall be determined in accordance with regulations prescribed by the Secretary or his delegate. This paragraph shall not apply to distributions paid to any distributee to the extent such distributions are attributable to contributions made on behalf of the employee while he was an employee within the meaning of section 401(c) (1).