Richard N. **GUNNISON** and Vivian E. Gunnison, Petitioners-Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 71-1261.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 19, 1972.

Decided May 2, 1972.

KNOCH, Senior Circuit Judge.

The facts in this case are largely stipulated and may be briefly stated as follows. The late Walter L. Gunnison, father of petitioner-appellant Richard N. Gunnison, was employed by Enterprise Railway Equipment Company. Vivian E. Gunnison is a party to this cause only because she and her husband Richard filed a joint return. References hereinafter to "petitioner" mean Richard N. Gunnison.

In 1945 and in 1951, respectively, Enterprise adopted a profit-sharing trust and a pension plan and trust, both of which qualified as employees' trusts pursuant to the provisions of § 401(a), Internal Revenue Code of 1954. The late Mr. Gunnison participated in these trusts but did not contribute to them. The primary beneficiary of his interest was his wife Josephine Gunnison. If she predeceased or died simultaneously with him or died before disbursement of his entire interest to her, then two sons, Walter L. Gunnison, Jr., and petitioner, named as secondary beneficiaries, would share equally in the interest in the two trusts.

Petitioner's father died on December 24, 1958. In January of 1959 and of 1960, his widow, petitioner's mother, received payments of $10,000 each which were charged to the profit-sharing trust. The balances in that account were computed as follows:

| | |
|---|---|
| January 1, 1958 balance | $ 119,453.20 |
| 1958 earnings | 8,510.32 |
| 1958 appreciation | 32,244.20 |
| Employers' contribution | 1,945.51 |
| Less distribution to decedent while on sick leave | — 5,000.00 |
| December 31, 1958 balance | $ 157,153.23 |
| 1959 earnings | 6,687.05 |
| 1959 appreciation | 7,504.53 |
| Less payment to widow January 15, 1959 | — 10,000.00 |

———◆———

Martin J. Lillig, John Blyer Callahan, Chicago, Ill., for petitioners-appellants.

Johnnie M. Walters, Asst. Atty. Gen., William L. Goldman, Meyer Rothwacks, Richard W. Perkins, Ann E. Belanger, Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before DUFFY and KNOCH, Senior Circuit Judges, and GRANT, District Judge.*

* Chief District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

December 31, 1959
balance $ 161,344.81
Less payment to widow
January 18, 1960 — 10,000.00

January 19, 1960 balance $ 151,344.81

The balances in the pension trust were computed as follows:

December 31, 1957 balance $ 33,330.35
Employer's contribution
1958 2,835.00
1958 earnings 2,670.72
1958 appreciation 13,031.34

December 31, 1958
balance $ 51,867.41
1959 earnings 2,271.68
1959 appreciation 3,798.24

December 31, 1959
balance $ 57,937.33

Petitioner's mother died March 13, 1960. Petitioner received $25,000 on April 26, 1960, and $50,672.40 on June 16, 1960, from his father's account with the profit-sharing trust. He received $28,968.66 on July 8, 1960, from his father's account with the pension trust. The balances in both accounts were distributed to his brother, also in 1960.

Petitioner reported these payments in his 1960 income tax return as long-term capital gain. The Tax Court, however, sustained the Commissioner's determination that these payments did not qualify for capital gains treatment under the exception provided in § 402(a) (2) of the Code but were ordinary income as the payments were not received "on account of" the death of petitioner's father, 54 T.C. 1766.

The Internal Revenue Code of 1954, § 402(a) (2) provides for capital gains treatment where total distributions payable with respect to a covered employee are paid to the distributee within one taxable year on account of the employee's death or other separation from service or on account of his death after separation from service. The Commissioner contends, and we agree, that the decedent was the participating employee and his widow the primary beneficiary of the entire interest of both trusts.

Petitioner and his brother, as secondary beneficiaries, received their distribution on account of the death of their mother. In the alternative, the Commissioner argues that the total distributions payable were not paid in one taxable year. The Tax Court decided this cause on the first point and never reached the alternative issue. As we are in full agreement with the Tax Court, we also need not consider this alternative ground on which the Commissioner's position is based.

Petitioner contends that the Commissioner, and the Tax Court, have misconstrued § 402(a) (2) as allowing capital gains treatment for distributions only where the occurrence of one of the events specified in the section is the sole and not just a contributing cause for the distribution. Petitioner contends that his receipt of the payments is in part on account of his father's death. He argues that his mother as primary beneficiary had not acquired a right to the funds solely upon his father's death as the manner of payment was solely in the discretion of the trustees who could distribute at any time within 180 months after the accounting date on which the account was determined and that the primary beneficiary could be considered as having acquired no interest prior to actual distribution. He relies on Estate of Harold C. Brooks v. Commissioner of Internal Revenue, 1968, 50 T.C. 585, where the Tax Court held that the discretion granted the trustees, to determine the arrangement of benefits distributed, precluded inclusion of unpaid amounts in the primary beneficiary's gross estate. That case, as indicated, dealt with estate tax. On retirement, the decedent had requested but was denied a lump-sum payment of his interest. His share in the qualified profit-sharing plan was placed in a separate account at decedent's risk and he was allowed to suggest investments. He received no actual payments of his interest prior to his death. The Tax Court held that he did not constructively receive a portion of his interest, as the Commissioner contended, prior to his death and that such por-

tion could not be considered a part of his gross estate.

In the case before us, the widow would have received the entire amount had she survived her husband for 180 months.

The general rule is that distributions from employees' trusts qualified under the Code are taxed as ordinary income when received. An exception is provided in § 402(a) (2) for capital gains treatment in specific cases. At one time the beneficiaries of employees' trusts were obliged to pay ordinary income tax even where lump-sum payments were made in one taxable year. Then capital gains treatment was provided in the Revenue Act of 1939, § 165(b), for total distributions in lump-sum payment (less employees' contributions) on account of separation from service. The exception was always strictly construed. The Commissioner (and the Tax Court) rely on Gordon v. Commissioner of Internal Revenue, 1956, 26 T.C. 763, where capital gains treatment was denied for payments received where the employee died after terminating his service. The Tax Court held that the payments were not made on account of separation from service, although separation was an actual intermediate event in the chain of circumstances resulting in payment to the beneficiary.

In Estate of Fry v. Commissioner of Internal Revenue, 19 T.C. 461, aff'd. 3 Cir., 1953, 205 F.2d 517, and Glinske v. Commissioner of Internal Revenue, 1951, 17 T.C. 562, capital gains treatment was denied because the employee was still being employed to some extent after he received the distribution.

The rationale of the Tax Court with respect to the 1939 Code appears to us to apply equally to the 1954 Code, where employee's death after retirement is added to the events qualifying the distribution for capital gains treatment. The Congressional history supports application of this precise exception solely to situations falling within the exception exactly as stated. See H.Rep.No.1337, 83rd Cong., 2d Sess., 1954, 3 U.S.C.Code Cong. & Admin.News, 1954, pp. 4017, 4068, 4285–4286, and S.Rep. 83rd Cong., 2d Sess., 3 U.S.C.Code Cong. and Admin. News, 1954, pp. 4621, 4928.

Treasury Regulations § 1.402(a)–1(a) (6)(iii) deny capital gains treatment where an employee retires and receives an annuity, and then, in a succeeding taxable year, receives a lump-sum settlement of all future annuity payments, as that payment is not on account of separation from service or death after separation.

Further expansion of the favored treatment specifically provided in § 402(a) (2) as an exercise of legislative grace is a function for the Congress, not for the Courts. See United States v. Johnson, 5 Cir., 1964, 331 F.2d 943, 954; United States v. Martin, 8 Cir., 1964, 337 F.2d 171, 175.

The decision of the Tax Court is affirmed.

Affirmed.