John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Richard Farber, Jay W. Miller, Tax Div., U. S. Dept. of Justice, John H. Menzel, Atty., IRS, Washington, D. C., for respondent.

**Bart H. JOHNSON, Jr. and Jimmie Ruth Johnson, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 81–4111
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1981.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

This case is a classic manifestation of the expression "lex, dura lex, sed lex." Bart H. Johnson, Jr., and his wife Jimmie Ruth Johnson (a nominal party, having signed their joint income tax returns), appeal a ruling of the Tax Court sustaining the imposition of a $90 excise tax deficiency for 1975 and 1976. The Tax Court upheld a determination by the Commissioner of Internal Revenue that Johnson had made an "excess contribution" of $1,500 to an individual retirement account (IRA) in 1975, and maintained that contribution during 1976, resulting in a six percent excise tax on the excess for each year. Finding the congressional mandate clear and unequivocal, we affirm.

The pertinent facts were stipulated and are undisputed. Johnson was employed by Mobil Oil Corporation until March 14, 1975, and was an active participant in Mobil's profit sharing plan which was qualified under section 401(a) of the Internal Revenue Code.[1] This participation ceased when he terminated his employment with Mobil and accepted employment with Williams Brothers Engineering Company. Upon learning that he would not be eligible for inclusion in Williams' profit sharing plan until employed one year, Johnson established a qualified IRA under section 408 of the Internal Revenue Code, and contributed $1,500 to the account on December 22, 1975.

On April 1, 1976, Johnson became an active participant in the Williams' profit sharing plan. He closed his IRA and withdrew the funds on November 3, 1977.

The Commissioner determined that under section 219,[2] the 1975 IRA contribution was not deductible, because Johnson had been an active participant in a qualified plan for a portion of that year. Accordingly, the $1,500 constituted an "excess contribution" under section 4973 [3] subject to the six per-

---

1. Unless otherwise noted, all references are to the Internal Revenue Code of 1954 in effect for the taxable years under review.

2. 26 U.S.C. § 219 (Supp. V 1975) provides in pertinent part:
 RETIREMENT SAVINGS.
  (a) Deduction Allowed.—In the case of an individual, there is allowed as a deduction amounts paid in cash during the taxable year by or on behalf of such individual for his benefit—
  (1) to an individual retirement account described in section 408(a),
  \*   \*   \*   \*   \*   \*
  (b) Limitations and Restrictions.—
  (2) Covered by certain other plans.—No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year—
  (A) he was an active participant in—
  (i) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a).
 Amendment of this provision by section 1501(b)(4)(A) of the Tax Reform Act of 1976, Pub.L.No. 94–455, 90 Stat. 1736, does not affect the issue raised by Johnson's appeal.

3. 26 U.S.C. § 4973 (Supp. V 1975) provides in pertinent part:
 TAX ON EXCESS CONTRIBUTIONS TO INDIVIDUAL RETIREMENT ACCOUNTS, CERTAIN SECTION 403(b) CONTRACTS, CERTAIN INDIVIDUAL RETIREMENT ANNUITIES, AND CERTAIN RETIREMENT BONDS.
  (a) Tax Imposed.—In the case of—
  (1) an individual retirement account (within the meaning of section 408(a)),
  \*   \*   \*   \*   \*   \*
  (3) . . . established for the benefit of any individual, there is imposed for each taxable year a tax in an amount equal to 6 percent of the amount of the excess contributions to such individual's accounts . . . (determined as of the close of the taxable year) . . . . The tax imposed by this subsection shall be paid by such individual. . .

  (b) Excess Contributions.—For purposes of this section, in the case of individual retirement accounts, individual retirement annuities, or bonds, the term "excess contributions" means the sum of—
  (1) the excess (if any) of—
  (A) the amount contributed for the taxable year to the accounts or for the annuities or bonds (other than a rollover contribution described in sections 402(a)(5), 403(a)(4), 408(d)(3), or 409(b)(3)(C), over
  (B) the amount allowable as a deduction under section 219 for such contributions, and
  (2) the amount determined under this subsection for the preceding taxable year, reduced by the excess (if any) of the maximum amount allowable as a deduction under section 219 for the taxable year over the amount contributed to the accounts or for the annuities or bonds for the taxable year and reduced by the sum of the distributions out of the account (for all prior taxable years) which were included in the gross income of the payee under section 408(d)(1). For purposes of this paragraph, any contribution which is distributed out of the individual retirement account, individual retirement annuity, or bond in a distribution to which section 408(d)(4) applies shall be treated as an amount not contributed.
 Amendments to § 4973(a) by sections 1501(b)(8)(A) and 1904(a)(22)(a) of the Tax Reform Act of 1976, Pub.L.No. 94–455, 90 Stat. 1736, 1814, do not affect the issues raised in Johnson's appeal.
 Amendments to § 4973(b) by sections 1501(b)(8)(B) and (C) of the Tax Reform Act of 1976, Pub.L.No. 94–455, 90 Stat. 1736, by sections 1501(b)(8)(B) and (C) of the Tax Reform Act of 1976, Pub.L.No. 94–455, 90 Stat. 1736, by sections 156(c)(3), 157(b)(3), 157(j)(1), and 701(aa)(1) of the Revenue Act of 1978, Pub. L.No. 95–600, 92 Stat. 2803, 2804–2805, 2809, 2921, and by section 101(a)(14)(B) of the Technical Corrections Act of 1979, Pub.L.No. 96–222, 94 Stat. 204, do not affect the issues raised by Johnson's appeal.

cent excise tax. Since the account was not withdrawn until 1977, it was held subject to the tax for 1976 also.

Section 408(a) of the I.R.C. provides for the establishment of an IRA. Tax deductions for payments into an IRA, not to exceed the lesser of fifteen percent of the taxpayer's gross income or $1,500, are authorized by section 219(b)(1). Section 219(b)(2)(A), however, prohibits an IRA contribution deduction when the taxpayer is an active participant in a qualified retirement plan for any part of the taxable year. We note with approval the recent observations of our colleagues of the Seventh Circuit:

> Congress enacted § 219(b)(2) to prevent situations in which taxpayers would obtain double tax benefits by setting aside in an IRA the maximum portion of their income allowed and deferring tax on that income, while for the same year deferring tax on employer contributions to a qualified pension plan.

*Johnson v. Commissioner*, 620 F.2d 153, 155 (7th Cir. 1980) (*citing* H.Rep.No. 93–807, 93d Cong., 2d Sess., *reprinted in* [1974] U.S. Code Cong. & Admin.News 4639, 4793–94); *Orzechanski v. Commissioner*, 592 F.2d 677 (2d Cir. 1979)). However, we decline to follow their statutory interpretation in *Foulkes v. Commissioner*, 638 F.2d 1105 (7th Cir. 1981), to the extent that case may involve a factual situation which is not distinguishable.

Johnson argues that when he made the $1,500 retirement account contribution in 1975 he was not an active participant in an employer pension plan. We disagree. The record supports the factual finding by the Tax Court that Johnson was an active participant in Mobil's retirement plan until March 14, 1975. That fact brings the situation squarely within the language of section 219(b)(2)(A).

Johnson makes a persuasive argument in equity, maintaining that since he did not attempt to deduct the $1,500 contributed to the IRA in 1975, and indeed reported as income the interest earned by the fund in 1976, the $1,500 should not be considered an "excess contribution." Albeit logical, the argument founders on the shoals of the words of the statute. Application of the six-percent excise tax under section 4973(a) is automatic if an "excess contribution" has been made. An excess contribution under section 4973(b) includes any amount contributed to an IRA which exceeds the amount allowable under section 219. Since Johnson was an active participant in a section 401(a) plan for a portion of 1975 and 1976, he could not make any allowable contribution under section 219 during either of those years.

Johnson's argument that he should be relieved of the excise burden because he did not deduct the $1,500 is not supported by the legislative history of the statute. When the legislation was before Congress, the Senate Finance Committee approved a provision that would have exempted from penalty any excess contribution inadvertently made and timely returned. S.Rep.No. 93–383, 93 Cong., 1st Sess. at 132–133, (1974–3 Cum.Bull.Supp. 80,212). However, in the final bill approved, Congress opted to delete any distinction between contributions inadvertently made and those willfully made, and imposed a six percent excise tax on all excess contributions. H.R.Conf.Rep.No. 93–1280, 93 Cong., 2d Sess. at 340–341, (1974–3 Cum.Bull. 415,501).

Johnson's prayer for relief is more appropriately addressed to the Congress; it is beyond our power to grant. The judgment of the Tax Court is AFFIRMED.