SARA E. AND RONALD L. WARTES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wartes v. Commissioner
Docket No. 30733-91
United States Tax Court
T.C. Memo 1993-84; 1993 Tax Ct. Memo LEXIS 86; 65 T.C.M. (CCH) 2058; March 11, 1993, Filed *86 Sara E. and Ronald L. Wartes, pro se. For respondent: Brently W. Free. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' Federal income tax for taxable year 1988 in the amount of $ 1,252. The only issue in this case is whether petitioners are entitled to a deduction of $ 4,000 for contributions to their individual retirement accounts. Some of the facts are stipulated, and they, together with exhibits attached to the stipulation, are so found. Petitioners resided at Granite Shoals, Texas, when they timely filed their petition herein. During the taxable year 1988, petitioner wife Sara E. Wartes was employed by The University of Texas Health Science Center at San Antonio. During her employment *87 petitioner wife was enrolled in the Teacher Retirement System of Texas' defined benefit plan (the Plan). In July of 1988, she terminated her employment with the health science center and withdrew all contributions she had made to the employee pension plan. Later in the year petitioners opened two individual retirement accounts and made total contributions to such accounts in the amount of $ 4,000. Petitioners deducted $ 4,000 of contributions, $ 2,000 for each spouse, on their jointly filed 1988 Form 1040. Petitioners reported adjusted gross income of $ 63,419.71 in that year. Respondent disallowed the entire deduction on the ground that petitioner wife was an active participant in another pension plan for at least part of the 1988 taxable year. Petitioners' position is that since petitioner wife was not enrolled in an employee pension plan at the end of 1988, she was not actually covered by any pension plan during 1988. When petitioner wife withdrew her funds from the employee plan, she became ineligible for any benefits from the Plan. Due to her forfeiture of any benefits from the employee plan, petitioners argue, they are entitled to the IRA deduction because they could *88 not possibly attain double tax benefits arising from pension plans in 1988. Petitioners' argument, however, has no support in the law. In general, a taxpayer is entitled to deduct the amount contributed to an IRA. Sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The deduction in any taxable year, however, may not exceed the lesser of $ 2,000 or an amount equal to the compensation includable in the taxpayer's gross income for such taxable year. Sec. 219(b)(1). In addition, the amount of the deduction is limited where the taxpayer or spouse was, for any part of the taxable year, an active participant in a retirement plan qualified under section 401(a). Sec. 219(g)(1), (5). Petitioner wife was an active participant during a part of 1988 in the Plan. An individual is considered to be an active participant in a plan even though holding only forfeitable rights to plan benefits and even though those rights were, in fact, forfeited prior to becoming vested. Hildebrand v. Commissioner, 683 F.2d 57 (3d. Cir. 1982), affg. T.C. Memo. 1980-532; Eanes v. Commissioner, 85 T.C. 168, 170 (1985); Johnson v. Commissioner, 661 F.2d 53 (5th Cir. 1981). *89 Cf. Foulkes v. Commissioner, 638 F.2d 1105 (7th Cir. 1981) construing a prior version of section 219. Despite the fact that petitioner wife worked for The University of Texas Health Science Center for only 6 months in 1988 and forfeited her rights under the Plan, petitioners are nevertheless not entitled to a deduction for an IRA contribution. The relevant inquiry is not whether petitioner wife was enrolled in the Plan at the year's end or whether petitioners could potentially receive a double tax benefit. Instead, the significant fact is that petitioner wife was an active participant in the employee retirement plan during the first 6 months of 1988. Johnson v. Commissioner, 74 T.C. 1057, 1060 (1980), affd. 661 F.2d 53 (5th Cir. 1981); Eanes v. Commissioner, supra at 171. Since petitioner wife was an active participant in the Plan, the $ 2,000 per spouse limitation of section 219(b)(1) is further reduced by the provisions of section 219(g)(1). That section provides for a further reduction in the IRA deduction by the same ratio that the adjusted gross income *90 of petitioners less $ 40,000 ($ 23,420) bears to $ 10,000. Petitioners had adjusted gross income of $ 63,419.71 during 1988. Sec. 219(g)(2) and (3). This provision results in total disallowance of an IRA deduction to a married couple filing a joint return where at least one of them is an active participant and the total adjusted gross income exceeds $ 50,000, as did petitioners' adjusted gross income in 1988. Petitioners do not dispute that the pension plan of the Teacher Retirement System of Texas is a qualified plan. They dispute that petitioner wife was an active participant in the plan for 1988. We hold that she was an active participant in the plan with regards to taxable year 1988, and petitioners are not entitled to an IRA deduction under section 219. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code for the year in issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩