T.C. Memo. 1997-108


UNITED STATES TAX COURT


HUGO MADIONI AND SUSANNE J. NICOLAI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20582-95.                    Filed March 3, 1997.


Hugo Madioni Nicolai, pro se.

D. Lyndell Pickett, for respondent.


MEMORANDUM OPINION


PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7443A(b)(3) and Rules 180,

181, and 182.[1]  Respondent determined a deficiency in petitioners' 1992 Federal income tax in the amount of $1,120.

The only issue in dispute is whether petitioners are entitled to a deduction in the amount of $4,000 for contributions to their respective individual retirement accounts (IRA).

Some of the facts have been stipulated, and they are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time of filing the petition, petitioners resided in Largo, Florida.

During 1992, petitioner Hugo M. Nicolai was employed by Varian Associates, Inc. (Varian).  In October 1992, Mr. Nicolai became eligible to participate in Varian's pension plan.  On December 31, 1992, Mr. Nicolai had a balance of $377.60 to his credit in Varian's pension plan.

Petitioner Susanne J. Nicolai was employed by Morton F. Plant Hospital in 1992.  Mrs. Nicolai began working at the hospital in 1990 and terminated her employment during the summer of 1992.  The hospital had a pension plan wherein an employee received forfeitable rights until vested, which required 6 years of employment.  Since Mrs. Nicolai worked approximately 2 years for the hospital, her rights did not vest in the pension plan.

---

[1]  All section references are to the Internal Revenue Code in effect for the tax year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners reported income and adjustments to income on their 1992 return as follows:

| Item of Income | Amount |
|---|---|
| Wages | $58,796 |
| Interest | 630 |
| Dividend | 591 |
| Capital gain | 36 |
| Other income | 1,033 |
| Total income | 61,086 |

| Adjustment to Income | | |
|---|---|---|
| IRA deduction | $2,000 | |
| IRA deduction | 2,000 | 4,000 |
| Adjusted gross income | | 57,086 |

In the notice of deficiency, respondent determined that petitioners were not entitled to the claimed IRA deductions.

Respondent determined that each petitioner was an active participant in a pension plan qualified under section 401(a) during 1992. It is well settled that deductions are a matter of legislative grace, and petitioners bear the burden of proving entitlement to any claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Nelson v. Commissioner, 30 T.C. 1151, 1154 (1958). Moreover, respondent's determinations are presumed correct, and it is petitioners' burden to establish error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioners do not appear to dispute that their respective employers maintained pension plans qualified under section

401(a). As a general rule, a taxpayer is entitled to deduct amounts contributed to an IRA. Sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The deduction in any taxable year may not exceed the lesser of $2,000 or an amount equal to the compensation includable in the individual's gross income for the taxable year. Sec. 219(b)(1). Section 219(g) imposes a further limitation on IRA deductions where a taxpayer or a spouse is an "active participant" for any part of the taxable year. An individual is considered an active participant in a plan if he is accruing benefits under the plan even if he has only forfeitable rights under the plan and such rights are forfeited before the end of the taxable year. Hildebrand v. Commissioner, 683 F.2d 57 (3d Cir. 1982), affg. T.C. Memo. 1980-532.

While Congress included a definition of "active participant" in section 219(g)(5), that definition itself uses the term "active participant". However, Congress' intent as to the meaning of "active participant" is clear from the report of the House Committee on Ways and Means:

> An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits. * * * [H. Rept. 93-807 at 129 (1974), 1974-3 C.B. (Supp.) 236, 364.]

See also Eanes v. Commissioner, 85 T.C. 168, 171 (1985). The regulations further provide that "an individual is an active participant * * * if for any portion of the plan year * * * he is

not excluded under the eligibility provisions of the plan." Sec. 1.219-2(b)(1), Income Tax Regs.

Since petitioners were "active participants" in their respective retirement plans during 1992, and their adjusted gross income for that year exceeded $50,000, petitioners are not entitled to an IRA contribution deduction for the year 1992. Sec. 219(a), (c)(2), (g)(1), (2), and (3); Johnson v. Commissioner, 74 T.C. 1057 (1980), affd. 661 F.2d 53 (5th Cir. 1981); Felber v. Commissioner, T.C. Memo. 1992-418, affd. without published opinion 998 F.2d 1018 (8th Cir. 1993).

Based on the foregoing, respondent's determination is sustained.

Decision will be entered

for respondent.