T.C. Summary Opinion 2006-184

UNITED STATES TAX COURT

WILLIAM EDWARD AND PATRICIA MARIE COLOMBELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23979-04S.                    Filed November 30, 2006.

William Edward and Patricia Marie Colombell, pro sese.

<u>Deborah C. Stanley</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

---

[1] Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2002,
the taxable year in issue.

Respondent determined a deficiency in petitioners' Federal income tax for 2002 in the amount of $999. Petitioners timely filed a petition with the Court. The sole issue for decision is whether petitioner Patricia Marie Colombell is an active participant in her former employer's qualified retirement plan and thus ineligible to deduct her $3,500 contribution to an individual retirement account under section 219.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts at trial and accompanying exhibits.

At the time the petition was filed, Patricia Marie Colombell (Mrs. Colombell) and William Edward Colombell (Mr. Colombell) resided in Fairfax County, Virginia.

Mrs. Colombell worked as an employee as a pro re nata (PRN) emergency room nurse for Inova Health System (Inova) for 15 years, until her retirement in 2005. PRN nurses have no set schedule but work as needed. During the time she worked as a PRN nurse at Inova, Mrs. Colombell was not entitled to health benefits, sick leave, or vacation time.

Inova maintained a cash balance retirement plan, a type of defined benefit plan under section 401(a), for its employees. Beginning in July 1998, participation in the retirement plan was both automatic and mandatory for all employees.

Under the terms of the retirement plan, employees would receive a pension credit if they were employed by Inova on December 31 and had worked a minimum of 1,000 hours for Inova during the calendar year. During the year at issue, Mrs. Colombell worked only 511 hours. In fact, during the entire time she worked for Inova, Mrs. Colombell never worked 1,000 hours in any given year. Her pension account balance was zero at all times, and she remains ineligible for any benefit under Inova's plan.

Petitioners timely and jointly filed a Form 1040, U.S. Individual Income Tax Return (return), for 2002, claiming a $7,000 deduction for contributions made to their respective individual retirement accounts (IRAs).[2]

The Form W-2, Wage and Tax Statement, provided by Inova and included by petitioners with their 2002 return, indicated that Mrs. Colombell was an active participant in a qualified retirement plan in 2002. "Active participant" is a term of art, see Discussion, infra, and neither Mrs. Colombell nor Inova ever put any money into the Inova plan for Mrs. Colombell.

---

[2] Each petitioner contributed $3,500 to his or her IRA.

Respondent disallowed Mrs. Colombell's $3,500 IRA deduction and determined a $999 deficiency on the basis of her active participant status in 2002.[3]

## Discussion

Generally, a taxpayer is entitled to deduct amounts contributed to an IRA. See sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The deduction may not exceed the lesser of (1) the deductible amount or (2) an amount equal to the compensation includable in the taxpayer's gross income for such year. Sec. 219(b)(1). For 2002, the deductible amount was $3,000, increased to $3,500 if the taxpayer was age 50 or older before the close of the taxable year. Sec. 219(b)(5)(A) and (B).

If, however, for any part of a taxable year, a taxpayer or a taxpayer's spouse is an "active participant" in a qualified plan under section 401(a), the deductible amount of any IRA

---

[3] Although respondent disallowed $3,500 of the $7,000 deduction claimed by petitioners, respondent conceded at trial that Mrs. Colombell would be entitled to $3,500 of basis in her IRA. Accordingly, when Mrs. Colombell receives distributions from her IRA, she will be entitled to recover $3,500 tax free, consistent with applicable law. Any income on that investment would continue to accrue in a tax-deferred manner. See generally sec. 408.

contribution for that year may be further limited.[4]  See sec. 219(a), (g)(1), and (5)(A)(i).

An "active participant" is defined by section 219(g)(5) as an individual:

>    (A) who is an active participant in--

>        (i) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a),

>        (ii) an annuity plan described in section 403(a),

>        (iii) a plan established for its employees by the United States, by a State or political subdivision thereof,or by an agency or instrumentality of any of the foregoing,

>        (iv) an annuity contract described in section 403(b), or

>        (v) a simplified employee pension (within the meaning of section 408(k)), or

>                *    *    *    *    *    *    *

>    (B) who makes deductible contributions to a trust described in section 501(c)(18).

---

[4]  The IRA deduction phases out for taxpayers whose modified adjusted gross incomes exceed certain thresholds (with a complete disallowance after $64,000 in 2002).  See sec. 219(g)(2), and (3)(B)(i).  Here, petitioners' modified adjusted gross income exceeded the threshold amount, and thus Mrs. Colombell's deduction would be completely disallowed if she were an active participant in a qualified retirement plan.  For individuals subject to the limits of sec. 219(g) solely because their spouse was an active participant in a qualified plan, the phaseout does not apply until the couple's joint modified adjusted gross income exceeds $150,000.  See sec. 219(g)(7)(A).  Mr. Colombell was not himself an active participant in a qualified retirement plan, and the petitioners' modified adjusted gross income did not exceed $150,000 in 2002.  Thus, the half of the claimed deduction attributable to Mr. Colombell is not at issue in this case.

The determination of whether an individual is an active participant shall be made without regard to whether or not such individual's rights under a plan, trust, or contract are nonforfeitable.

Petitioners logically contend that because Mrs. Colombell never actually participated in the pension, nor did her employer ever participate on her behalf, Mrs. Colombell was not an active participant in the plan. Petitioners invoke the commonly accepted meanings of the terms "active" and "participant". Thus, the dictionary defines "active" as, inter alia:

> 1: characterized by action rather than by contemplation or speculation 2: * * * involving action * * * 8: * * * b: engaged in an action or activity

Merriam-Webster's Collegiate Dictionary (10th ed. 1996). Similarly, a "participant" is defined as "one that participates". Id.

The regulations, however, provide that an individual is an active participant in a defined benefit plan simply by not being excluded from the plan. See sec. 1.219-2(h), Example (1), Income Tax Regs. No actual behavior on anyone's part is required. In fact, actual knowledge of the plan's existence is not even required.[5] See, e.g., Baumann v. Commissioner, T.C. Memo. 1995-313. Because Inova's plan was mandatory for all employees, Mrs.

---

[5] Mrs. Colombell may or may not have known that she was eligible to participate in Inova's 401(k) plan. While this does not change the result we reach, the Court notes that participation in Inova's 401(k) plan would have led to a pretax savings for retirement, achieving the end tax result desired by petitioners.

Colombell was not excluded. Even if she never met the dictionary's definition of what it would mean to be an "active participant", the regulations make it clear that she was an active participant in Inova's retirement plan for the year in issue.[6]

There are cases that have held that even de minimis participation is sufficient to render a taxpayer an active participant. See, e.g., Wade v. Commissioner, T.C. Memo. 2001-114 (holding that a mandatory contribution amounting to $84.89 was sufficient to constitute active participation even though the taxpayer was unlikely ever to receive benefits under the plan). Others have held that forfeiting rights to a balance in a qualified plan does not mean that the taxpayer was not an active participant for the year in question. See, e.g., Eanes v. Commissioner, 85 T.C. 168 (1985) (stating that a taxpayer who forfeited all rights under his employer's retirement plan when he left after only 3 months was still an active participant in the plan and was not entitled to a deduction).[7] Here we have a

---

[6] Had Inova's plan had an earnings threshold rather than an hours-worked threshold, Mrs. Colombell might not have been an active participant. See sec. 1.219-2(b)(1), Income Tax Regs., explaining that an individual is not an active participant if his or her compensation is "less than the minimum amount of compensation needed under the plan to accrue a benefit."

[7] Sec. 219, as applicable to 1981, the taxable year in issue in Eanes v. Commissioner, 85 T.C. 168 (1985), did not include a definition of "active participant". The flush language currently contained in sec. 219(g)(5), referring to whether the
(continued...)

taxpayer with a zero balance in her account.  During the 15 years petitioner worked for Inova, she never once met the threshold for pension credit contributions, nor was her job designed such that it would be realistically possible to do so.  Despite the fact that Mrs. Colombell received no tax benefit whatsoever from her "participation" in Inova's retirement plan, the Court is not free to rewrite the law.  See, e.g., Hildebrand v. Commissioner, 683 F.2d 57, 59 (3d Cir. 1982), affg. T.C. Memo. 1980-532; Johnson v. Commissioner, 661 F.2d 53, 54-55 (5th Cir. 1981), affg. 74 T.C. 1057 (1980).  We must conclude that petitioner was, for Internal Revenue Code purposes, an active participant in Inova's retirement plan in 2002.

## Conclusion

The tax code is complex, see generally Cheek v. United States, 498 U.S. 192, 199-200 (1991), and we must enforce the laws as written and interpreted, see Marsh & McLennan Cos. v. United States, 302 F.3d 1369, 1381 (Fed. Cir. 2002); Philadelphia & Reading Corp. v. United States, 944 F.2d 1063, 1074 (3d Cir. 1991).  The result in this case is harsh, and unfortunately the Court can appreciate why petitioners will regard it as such.  The regulation in its current form, the validity of which has not been called into question, dictates the result.  The Court may

---

[7](...continued)
individual's rights under the plan are forfeitable, was then found only in the legislative history.  See H. Rept. 93-807, at 129 (1974), 1974-3 C.B. (Supp.) 236, 364.

not "revise the language of the statute as interpreted by the Treasury to achieve what might be perceived to be better tax policy." FleetBoston Fin. Corp. v. United States, 68 Fed. Cl. 177, 188 (2005) (quoting Marsh & McLennan Cos. v. United States, supra, at 1381). Rather, we must apply the language of the relevant provisions, as written. See Commissioner v. Lundy, 516 U.S. 235, 252 (1996) (courts are "bound by the language of the statute as it is written"); Badaracco v. Commissioner, 464 U.S. 386, 398 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effect susceptible of improvement.").

The Tax Court is a court of limited jurisdiction and lacks general equitable powers. Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Hays Corp. v. Commissioner, 40 T.C. 436, 442-443 (1963), affd. 331 F.2d 422 (7th Cir. 1964). Our jurisdiction to grant equitable relief is limited. Woods v. Commissioner, 92 T.C. 776, 784-787 (1989); Estate of Rosenberg v. Commissioner, 73 T.C. 1014, 1017-1018 (1980). Accordingly, we must sustain respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issue,

Decision will be entered for respondent.